HERBERT H. RAY, JR.
KEESAL, YOUNG & LOGAN
1029 West Third Avenue, Suite 650
Anchorage, Alaska 99501-1954
Telephone: (907) 279-9696
Facsimile:  (907) 279-4239

Attorneys for Ayu Navigation SDN BHD,
Wawasan Bulk Services SDN BHD,
IMC Shipping Co. Pte. Ltd. and the
M/V SELENDANG AYU

# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| In the matter of the Complaint of Ayu Navigation SDN BHD, Wawasan Bulk Services, SDN BHD and IMC Shipping Co. Pte. Ltd. for and on behalf of the M/V SELENDANG AYU, Official No. 328266 for exoneration from or limitation of liability,<br><br>Petitioners | )<br>)<br>)<br>)<br>)<br>)  Case No. 3:05-cv-0125 JWS<br>)<br>)<br>) |

## SUPPLEMENTAL STATUS REPORT AND REQUEST FOR ADDITIONAL TIME TO HOLD PROCESS IN ABEYANCE

This action arises out of the grounding and total loss of the M/V SELENDANG AYU on Unalaska Island on December 8, 2004. The grounding resulted in the total loss of the vessel's nearly 70,000 metric tons of soybeans, and spilled more than 300,000 gallons of fuel oil into the Bering Sea, some of which impacted the shoreline of Unalaska Island. Six of the vessel's crewmembers were killed when a Coast Guard helicopter crashed into the ocean while rescuing them from the deck of the vessel. The oil spill resulted in the closure of a local crab fishery, and may have impacted the subsistence harvesting of local food by residents of Dutch Harbor, located on the other side of the island.

On June 3, 2005, Petitioners filed their complaint in this action, seeking exoneration from, or limitation of their liability for the grounding and subsequent damage, pursuant to 46 U.S.C. §181, *et seq.* When they filed their complaint, Petitioners requested the Court to hold further process in abeyance, to allow Petitioners time to attempt to settle claims resulting from the grounding. The Court granted Petitioners' request, as well as two subsequent requests. Petitioners now request another extension of that deadline for six months, until November 15, 2006.

Since the petition was filed, Petitioners have made significant progress in settling claims arising out of the grounding. They have settled with the families of the deceased and injured crewmembers, and with the owner of the soybean cargo. They have also reached settlements with 45 local claimants (crab fishermen and local businesses) affected by the oil spill. As of April 24, 2006, only six claims from local claimants were pending. The claims were still pending because the claims documentation was incomplete, or had only recently been submitted.

By granting Petitioners' previous requests to hold process in abeyance, the Court has allowed Petitioners and claimants to resolve the vast majority of the claims presented to date, without litigation. The process has benefited the Court and the Claimants. The Court has not had to devote its resources to administer the claims. The Claimants have been able to resolve their claims without the expense of having counsel, or the additional administrative burden of filing their claims in court. As of this date, no civil lawsuits regarding the grounding and oil spill have been filed. Thus, the Court's forbearance to date has allowed for an efficient and expeditious resolution of claims resulting from the grounding. As discussed below, further indulgence and forbearance by the

Court will allow Petitioners to continue to settle claims in an effective and fair manner.

The Court should grant a further extension because it is likely that further claims will be received and resolved in the coming months as the oil spill cleanup operations are completed. Petitioners anticipate claims may be received from local landowners, subsistence users, fishermen, and from the State of Alaska. Petitioners have been involved in directing and funding pollution cleanup activities resulting from the SELENDANG AYU incident since the date of the grounding. Cleanup activities were completed for the spring and summer season in September 2005. Inspections of the affected area by federal and state agencies, along with landowner representatives, took place at the completion of the cleanup activities, and it was agreed that further assessment of shorelines impacted by the oil discharge would be undertaken in the spring of 2006. That assessment is scheduled to begin the week of May 15, 2006.

Petitioners anticipate that should additional shoreline cleanup be necessary, it will be completed this summer. Petitioners believe that landowners in the area will wait until cleanup operations are over before deciding whether to pursue claims for property damage. Granting a six month extension of time will allow these landowners and Petitioners to discuss and attempt to resolve such claims out of court.

The State of Alaska owns the tidelands and submerged lands where the wreck occurred. Petitioners have been working with the State of Alaska to resolve concerns regarding the impact of the wreck and the spilled soybeans on these state lands. While progress has been made, the wreck is still unstable and portions of it continue to shift, complicating efforts to reach a final resolution of the State's potential claims. Nonetheless, Petitioners believe that such a

Case 3:05-cv-00125-JWS    Document 13    Filed 05/15/2006    Page 4 of 6

resolution is reasonably likely within the next six months.

Beginning in the summer of 2005, Petitioners funded a joint study to determine the safety of local foods consumed by subsistence users. Federal and state agencies, including the State Department of Health, and the Qawalangin Tribe, participated in this survey. The results of the study, released in April 2006, demonstrated that the levels of oil residues in the food samples do not pose a health risk.

The Court, in the past, has expressed reluctance to grant further requests to hold process in abeyance. While Petitioners understand that the Court does not want cases to linger on its docket, and thus usually requires plaintiffs to expeditiously effect service, they respectfully submit that this case presents a situation that merits a departure from the normal rule. Requiring Petitioners to serve their complaint will increase the time, cost and difficulty of resolving claims.

Ideally, Petitioners would be allowed time to resolve claims amicably before the deadline for filing a complaint under the Limitation Act. Unfortunately, the Act requires that a complaint be filed within six months of receiving a claim. 46 U.S.C. §185; Fed.R.Civ.P. Supp. F(1). Thus, Petitioners were forced to either waive their rights under the Limitation Act or to file a protective complaint to preserve those rights. Their decision to file a complaint does not mean that Petitioners wish to force claimants into court, if their claims can be resolved without resort to litigation.

As noted above, some claims are still not settled, and it is reasonable to assume that some claimants will not file their claims until the cleanup operations are completed, and until the wreck fully settles and/or is removed. Thus, Petitioners anticipate that they will receive additional claims in the coming

months.

While not all of the claims mentioned above are subject to the Limitation Act, some of them are subject to the Act. Those Claimants with claims that are not subject to the Act may not understand the legal distinctions between claims that are subject to the Act and those that are not. If Petitioners are required to serve their complaint, they fear that Claimants whose claims are not subject to the Act may nevertheless conclude that they must file their claims in Court. The result will be a flood of claims in Court that can otherwise be avoided if the Court allows Petitioners additional time to work with these potential claimants.

Petitioners respectfully submit that prematurely forcing Claimants to file claims in Court is not in the Court's or the public's best interest. Petitioners have diligently attempted to amicably resolve all claims. To date, they have been successful in this effort. The additional extension of time they are requesting is not needed because Petitioners have been dilatory. Rather, it is needed because it has taken longer to complete the cleanup of affected areas than was originally anticipated, and because the wreck of the SELENDANG AYU has not completely settled yet. Once these events occur, Petitioners anticipate that the remaining claimants will present their claims and that these can be handled in a relatively straight forward manner.

Accordingly, Petitioners request an additional six month extension of time to serve their complaint on claimants.

DATED at Anchorage, Alaska this 15th day of May, 2006.

        KEESAL, YOUNG & LOGAN
        Attorneys for Petitioners

        s/HERBERT H. RAY, JR.
        1029 W. Third Avenue, Suite 650
        Anchorage, Ak  99501
        (907) 279-9696
        (907) 279-4239 Facsimile
        bert.ray@kyl.com
        Alaska Bar No. 8811201